UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff § | |
| v. § | CIVIL ACTION NO. |
| § | |
| $185,911.06 IN US CURRENCY; § | |
| $183,764.00 IN US CURRENCY; § | |
| $152,967.12 IN US CURRENCY; § | |
| $42,297.00   IN US CURRENCY; § | |
| $21,823.00   IN US CURRENCY; § | |
| $2,000.00   IN US CURRENCY; § | |
| 2011 MERCEDES BENZ; and § | |
| GOLD BARS § | |
| § | |
| § | |
| Defendants. § | |

## **COMPLAINT FOR FORFEITURE IN REM**

The United States of America (United States) files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

This is an action to forfeit property to the United States.

*Defendants in Rem*

1. The Defendants are:

   a) $185,911.06 seized from Dr. Edward Stephens's (Stephens) Bank of America account *1727;

   b) $183,764.00 seized from Antonetti Galvan (Galvan) and Dr. Timothy Marks's (Marks) residence in Houston, Texas;

   c) $152,967.12 seized from Stephens's Bank of America account *0562;

d) $42,297.00 seized from Dr. Edward Patten's (Patten) residence in Houston, Texas;

e) $21,823.00 seized from Candelario Galvan's residence in Houston, Texas;

f) $2,000.00 seized from the Parker Clinic;

g) 2011 Mercedes Benz C63 Sedan (VIN No. ending 3992) seized from Galvan and Mark's residence in Houston, Texas; and

h) Gold bars seized from Galvan and Marks's residence in Houston, Texas.

The Defendants were seized in June 2017 and will remain in the custody of the United States Marshals Service for the Southern District of Texas.

*Jurisdiction and Venue*

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

A.   Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of money and other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate a violation of the Controlled Substances Act.

B.   Title 21 U.S.C. § 881(a)(4) provides for the forfeiture of vehicles used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances in violation of the Controlled Substances Act.

C.   Title 18 U.S.C. § 981(a)(1)(A) provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 and 1960 of this title, and any property traceable to such property." It is a violation of 18 U.S.C.

§ 1957 to conduct a financial transaction involving more than $10,000 in proceeds of specified unlawful activity.

D. Title 18 U.S.C. § 984 provides for the forfeiture of funds found in the same place or account as the property involved in the offense that is the basis for the forfeiture so long as the action is commenced within one year from the date of the offense. Section 984 excuses the government from the tracing requirement with respect to such funds.

*Facts*

2. The Lyons Clinic, Parker Clinic, and Southwest Clinic (Clinics) operated as pain management clinics in Houston, Texas. The Clinics are not certified to operate as pain management clinics in the State of Texas. The Lyons Clinic opened in 2014. The Parker Clinic opened in 2015. The Southwest Clinic opened in late-October 2016 and remained open only two months.

3. The Clinics prescribed oxycodone and hydrocodone without a legitimate medical purpose. Oxycodone and hydrocodone are Schedule II controlled substances and are highly addictive. The Clinics primarily prescribed oxycodone.

4. Patten was a physician at the Lyons Clinic since 2014. Patient recruiters transported patients to the Lyons Clinic to obtain prescriptions from Patten.

5. Stephens was a physician at the Parker Clinic from July 2015 to late 2016. Galvan is a director of the company that owns the Parker Clinic and Marks is Galvan's business partner.

6. Dr. James David Key (Key) was a physician at the Southwest Clinic from late-October 2016 until the clinic closed in December 2016. Key was a physician at the Parker Clinic beginning in January 2017.

7. The Clinics exhibited several characteristics indicative of a clinic dispensing prescriptions for controlled substances without a legitimate medical purpose, including:

   a. Patients pay a set fee in cash before seeing a doctor
   b. Patients pay the fee regardless of the reason stated for the visit
   c. No credit cards or insurance payments are accepted
   d. No exterior signs on clinics
   e. Use of patient recruiters
   f. An extreme number of prescriptions written for oxycodone
   g. Virtually every prescription for oxycodone is for 120 pills

8. In 2015, Patten was the number one prescriber of oxycodone in the State of Texas, and from January 2016 through June 21, 2016, he was the number one prescriber of oxycodone in Harris County, Texas. On different occasions at one or more of the Clinics during September 2014 through December 2016, an undercover law enforcement officer and others paid cash for prescriptions.

9. From September 2014 through December 2016, Patten, Stephens, and Key collectively wrote over 15,100 prescriptions for oxycodone, generating about $7.5 million in proceeds (based on a $500 payment per prescription).

10. During the time that Stephens was a physician at the Parker Clinic and shortly thereafter, he obtained more than $300,000.00 in cash. Defendants $185,911.06 and $152,967.12 were seized from two of Stephens's accounts. Defendants $185,911.06 and $152,967.12 are subject to forfeiture as drug proceeds and/or money involved in or traceable to financial transaction(s) involving more than $10,000 in proceeds of specified unlawful activity.

11. Defendant $183,764.00 was seized from Marks and Galvan's bedrooms in Marks and Galvan's residence. Defendant Gold bars were seized from Galvan's bedroom inside the residence.

12. Defendant $42,297.00 was seized from Patten's residence.

13. Defendant $21,823.00 was seized from Candelario Galvan's residence. Candelario Galvan is Galvan's bother. Candelario Galvan and his wife worked at the Clinics and the money they received was drug proceeds.

14. Defendant $2,000.00 was seized from the Parker Clinic where patients paid cash for prescriptions.

15. Galvan purchased Defendant 2011 Mercedes Benz C63 Sedan (Vehicle ID no. WDDGF7HB6BF633992) (Mercedes) in October 2016 for $33,891.00. Galvan paid for the Mercedes with a $9,000 check written on an account associated with the Clinics, a $14,500 trade-in credit for a vehicle that he owned, and financed the balance of the purchase price. Galvan had no known legitimate source of income to account for the purchase of the Mercedes or the payments made on the loan. In addition, Galvan used the Mercedes to conduct Clinic operations.

16. The Mercedes is subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (6), and 18 U.S.C. § 981(a)(1)(A). All other Defendants are subject to forfeiture pursuant to 21 U.S.C. §881(a)(6), and 18 U.S.C. § 981(a)(1)(A) directly or by application of 18 U.S.C. § 984. There is no known legitimate source of income to account for the Defendants.

*Conclusion*

The United States requests a judgment of forfeiture forfeiting Defendants to the United States with such other relief to which the United States may be entitled.

Respectfully submitted,

ABE MARTINEZ
ACTING UNITED STATES ATTORNEY

By:  *s/ E. Vincent Carroll*
E. Vincent Carroll
Susan Kempner
Assistant United States Attorneys
United States Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002
Telephone: (713) 567-9000
Fax: (713) 718-3300

*Verification*

I, Tonya Graham, a Special Agent employed by the Drug Enforcement Administration (DEA), hereby verify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the foregoing Complaint For Forfeiture In Rem are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Executed on the 17th Day of November, 2017.

*Tonya Graham*
Tonya Graham
Special Agent, Drug Enforcement Administration